**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JAVIER SOLIS,

                Plaintiff,

      -against-

THE CITY OF NEW YORK,
LOUIS A. MOLINA, individually, JOHN or
JANE DOE 1, individually, JOHN or JANE
DOE 2-6, individually, JOHN or JANE DOE
7-10, individually,

                Defendants.

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

24 Civ. 4239 (AKH)

---

      **WHEREAS**, the parties intend to produce certain documents in this action that they deem to be confidential or otherwise inappropriate for public disclosure; and

      **WHEREAS**, the parties contend that such documents should be produced only if appropriate protection for their confidentiality is assured; and

      **WHEREAS**, the parties contend that good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, including that the production of information or documents that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize individual, correctional or institutional safety, security or good order, (b) contain information that is confidential under state or federal law, or (c) contain information that is of a sensitive and personal nature;

      **WHEREAS**, the parties deem this information and these documents confidential, private, not accessible to the public, when disclosed it is usually subject to a protective order, or subject to a law enforcement or governmental privileges or other applicable privileges;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendants, as follows:

1

1. As used herein, "Action" shall mean the pending action between Plaintiff and Defendants captioned *Javier Solis v. City of New York, et al.*, 24-CV-4239 (AKH)

2. As used herein, "Confidential Material" shall mean:

    (A) New York City Department of Correction ("DOC") employment or personnel related records;

    (B) Disciplinary histories and documents related thereto, including, but not limited to, investigative documents, in the possession of the New York City Department of Correction, Office of Administrative Trials and Hearings ("OATH"), and/or other City agencies;

    (C) Any and all videos, including any Genetec videos or Body Worn Camera videos, that reveals or depict the inside of any DOC facility;

    (D) Any personal identifying information of non-parties, including but not limited to names, addresses, phone numbers, to the extent exchanged during discovery;

    (E) DOC training materials, including, but not limited to, DOC Directives, DOC Operations Orders, Command Level Orders, and training manuals, with the exception of materials or portions which are accessible to the public;

    (F) Any documents which contain information that is confidential under state or federal law, including, but not limited to, New York Criminal Procedure Law Section 160.50, et seq.;

    (G) Any medical records or health information, including but not limited to, hospital records, EMT records, health care provider's notes, and clinic records.

  (H) Other documents and information that may in good faith, during the pendency of this litigation, be designated Confidential Material by the defendants or the Court.

3. Documents and information shall not be designated Confidential Material to the extent that they to the extent that they (a) are obtained by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or (b) are otherwise publicly available.

4. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein, for that document or information.

5. Nothing in the Confidentiality Stipulation and Protective Order shall be construed as an agreement to produce any category of discovery materials or as a waiver of any objection to the discoverability, relevance, or admissibility of any matter.

6. Nothing in this Confidentiality Stipulation and Protective Order shall limit a Producing Party's right to redact personal identifying, confidential, or privileged information before producing any document to plaintiff. Personal identifying information shall include, but is not limited to, name, date of birth, social security number, address, contact information, including phone number and email address, government issued identification numbers including NYSID, DIN and any other information that has the tendency to reveal, alone or in conjunction with other available information, the identity of the individual.

7. A producing party shall have a reasonable time to inspect and designate as Confidential Material any document the Producing Party sought from an individual or entity which is not a party to this Action. The parties shall designate documents as Confidential Material by labeling

such documents "Confidential" and/or by designating such documents by bates number in a writing directed to the opposing party's attorney.

8. The disclosure of documents or information without designating it as Confidential Material shall not constitute a waiver of the right to do so post-production. The parties reserve the right to designate any document confidential pursuant to this Confidentiality Stipulation and Protective Order if necessary after production of such documents. If so designated, the document or information shall thenceforth be treated as Confidential Material subject to all the terms of this Confidentiality Stipulation and Protective Order. Individuals who reviewed the non-designated material prior to notice of their new confidential designation shall abide by the provision of this Confidentiality Stipulation and Protective Order with respect to all future use and disclosure of said material.

9. Inadvertent, unintentional production of any document or information which is privileged, was prepared in anticipation of litigation, or that is subject to *in camera* review by the Court, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of a party's right to object to the use of any such document or the information contained therein during any proceeding in this Action or otherwise. Any party in receipt of such material shall immediately return or destroy such documents and information, shall provide a certification of counsel that all inadvertently disclosed material has been returned or destroyed, including any copies, and shall not use such material for any purpose.

10. To the extent documents or information that is otherwise privileged is intentionally produced, the Producing Party shall designate such privileged documents or information as Confidential Material.

11. A Receiving Party, that party's attorneys, or anyone who receives Confidential Material in this Action shall not publicly disclose or make public representations of Confidential Materials, or the confidential information contained within any Confidential Materials.

12. A Receiving Party, that party's attorneys, or anyone who receives Confidential Material in this Action shall not use Confidential Materials produced in discovery in the Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action. Any party whose Confidential Material has been disclosed in violation of provisions ¶ 11 or ¶ 12 may move the court, on an expedited basis, for relief.

13. If a Receiving Party objects to the designation of any document or information as Confidential Material, the Receiving Party shall state such objection in writing to counsel for the Producing Party, and the parties shall confer in good faith to attempt to resolve such objection. If the objection cannot be resolved among the parties, the objecting party, within 30 days of the conclusion of the meet and confer, may request that the Court remove the designation. Any such documents or information shall be treated as Confidential Material until the parties resolve the objection or there is a resolution of the designation by the Court. Failure to comply with the deadline in this paragraph shall constitute abandonment of the Receiving Party's right to object or move.

14. Attorneys for a Receiving Party shall not disclose the Confidential Material to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

> a. Disclosure may be made for the preparation, evaluation or presentation of a party's claims or defenses in this Action, to those individuals described in subparagraphs (b) below.
>
> b. Disclosure may be made to an expert or consultant who has been retained or specially employed by a party's attorney in anticipation of litigation or

      preparation for trial in this Action; to a witness in preparation for testimony at a deposition or trial; to a witness, court reporter/stenographer and/or videographer at deposition or trial; or to the Court.

  c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the Receiving Party's attorney shall provide each such person with a copy of this Confidentiality Stipulation and Protective Order for review, and such person shall consent in writing, using the form annexed hereto as Exhibit A, not to use the Confidential Material for any purpose other than in connection with the preparation, evaluation or presentation of this Action and not to further disclose the Confidential Material except in testimony taken in this Action. The Receiving Party's attorney shall retain the signed consent form and furnish a copy to the Producing Party's attorney upon request, although the name of an expert that Receiving Party does not intend to call as a trial witness may be redacted from such consent form before it is produced.

  d. Disclosure of medical records deemed "Confidential" under this Protective Order may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

15.     Deposition testimony concerning any Confidential Material which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be deemed to be Confidential Material within the meaning of this Stipulation of Confidentiality and Protective Order.

16. If Confidential Material is used at a deposition, the parties may designate those deposition exhibits and portions of deposition testimony as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Material, and can request that the court reporter/stenographer bind the designated testimony as a separate transcript and with a cover page prominently marked "Confidential Information Governed by Confidentiality Stipulation and Protective Order;" or (b) notifying the court reporter/stenographer and all attorneys of record, in writing, within 30 days after a deposition transcript has been received (during which time the entire deposition will be considered Confidential Material), of the specific pages and lines of the transcript that are to be designated Confidential Material, in which event the parties receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Confidentiality Stipulation and Protective Order. Failure to make such designations does not constitute a waiver of confidentiality.

17. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court consistent with Rule 4 of the Court's Individual Rules for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the Court's rules applicable to filing under seal.

18. If any paper which incorporates any Confidential Material or reveals the contents thereof is filed in this Court, but the confidential information is not material to issues addressed in court submissions, and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

19. Nothing in this Protective Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request.

20. In the event that the Confidential Material or the contents thereof may be disclosed at a court hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Material. The parties agrees to meet and confer in good faith regarding the redaction of any Confidential Material that any party seeks to enter into evidence at a court hearing or trial.

21. This Confidentiality Stipulation and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Material is produced or disclosed. All documents or information that have been designated Confidential Material pursuant to this Confidentiality Stipulation and Protective Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Material, including all conforming or non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

22. Within 30 days after the termination of this Action, including any appeals, the Confidential Material, including all copies (other than the Court's copies of such material), shall be returned to defendants' attorneys or, upon defendants' attorneys' consent, destroyed; except that plaintiff's attorney shall retain one copy of the Confidential Material, and any Confidential Material containing plaintiff's attorney work product (including but not limited to, notes, and other materials containing or referring to the contents of Confidential Material), to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable

safeguards (at least as stringent as those used to protect plaintiff's own information of similar nature) are imposed to prevent the use of the Confidential Material for any other purpose. Confidential Material which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Material and shall also be safe guarded by plaintiff's attorney in the same manner as described in this paragraph.

23. This Confidentiality Stipulation and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

24. The Court will retain jurisdiction over all persons subject to this Confidentiality Stipulation and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

25. The terms of this Confidentiality Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their attorneys. The parties agree that any future party that is joined into this Action must be served with a copy of this Confidentiality Stipulation and Protective Order within ten (10) days of such joinder, and such new party may not receive any Confidential material until that party has executed the agreement attached as Exhibit A.

26. This Confidentiality Stipulation and Protective Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Confidentiality Stipulation and Protective Order, which shall be binding upon and effective as to all Parties. The facsimile, scanned or signed, of the signatures, pursuant to Rule 5, shall be deemed the "original" for the purpose of signing this Confidentiality Stipulation and Protective Order.

Dated: November 20, 2024
New York, New York

THE LAW OFFICE OF JOSHUA
   MOSKOVITZ, P.C.
*Attorney for Plaintiff*
392 Central Avenue, # 7803
Jersey City, NJ 07307
(212) 380-7040

By: _____
Joshua S. Moskovitz, Esq.

LEVENTHAL LAW GROUP, PC
*Attorney for Plaintiff*
59 Maiden Lane, 6th Floor
New York, NY 10038
(718) 556-9600

By: _____
Jason Louis Leventhal, Esq.

MURIEL GOODE-TRUFANT
Acting Corporation Counsel of the
   City of New York
*Attorney for Defendants City of New York and
   Louis A. Molina*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____
Mariam Khan
Assistant Corporation Counsel

SO ORDERED:

_____
JUDGE ALVIN K. HELLERSTEIN
United States District Judge

Dated: November __, 2024

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER SOLIS,

                      Plaintiff,

        -against-

THE CITY OF NEW YORK, LOUIS A. MOLINA, individually, JOHN or JANE DOE 1, individually, JOHN or JANE DOE 2-6, individually, JOHN or JANE DOE 7-10, individually,

                      Defendants.

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

24 Civ. 4239 (AKH)

The undersigned hereby acknowledges that s/he has read the Confidentiality Stipulation and Protective Order dated _____, entered into the Action entitled *Solis v. City of New York, et al.*, 24 Civ. 4239 (AKH), and understands the terms thereof. The undersigned agrees not to use the Confidential Material defined therein, or the contents thereof, for any purpose other than in connection with the preparation, evaluation or presentation of this case, and will not further disclose the Confidential Material or the contents thereof except in testimony taken in this case.

Date: _____

Signature: _____

Print Name: _____

Occupation: _____